CELEDONIO ÁLVAREZ, demandante y apelado, *v.* ANTONIO CANDELARIO 1º, ANTONIO CANDELARIO 2º, PETRONA CANDELARIO y ALEJANDRO CANDELARIO, demandados y apelantes.

No. 3975.—*Visto:* Enero 21, 1927. *Resuelto:* Julio 12, 1927.

CONTRATOS—REQUISITOS Y VALIDEZ—REQUISITOS FORMALES—NECESIDAD DE QUE SE OTORGUEN EN ESCRITURA PÚBLICA—ACCIÓN PARA COMPELER AL OTORGAMIENTO RECÍPROCO ENTRE PARTES—APELACIÓN—RESOLUCIÓN Y DISPOSICIÓN DEL CASO—CONFIRMACIÓN.—Hecho un estudio cuidadoso de la prueba, se concluyó que sostenía la sentencia apelada, motivo. por el cual debía ésta confirmarse.

SENTENCIA de *Miguel A. Muñoz,* J. (San Juan), declarando con lugar la demanda, sin costas. *Confirmada.*

A. *Marín Marién,* abogado de los apelantes; *Luis Freyre Barbosa,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Celedonio Álvarez demandó a Antonio 1º, Antonio 2º, Petrona y Alejandro Candelario, herederos de Francisca Clemente, para que le otorgaran la escritura pública de la venta que la dicha Francisca Clemente le había hecho hacía unos catorce años de un condominio de una cuarta parte de un solar de 5,862 metros cuadrados, situado en Machuchal, Santurce.

Fué el pleito a juicio. Ambas partes practicaron su prueba y la corte dictó sentencia en contra de los demandados. Estos apelaron y señalan en su alegato diez errores todos en relación con la apreciación de la prueba.

Para fundar su sentencia el juez de distrito emitió una cuidadosa opinión. Hemos estudiado la evidencia y aunque encontramos que deja algo que desear, sin embargo, no creemos que pueda afirmarse que no sostiene las conclusiones del juez de distrito. El alegato de los apelantes revela un estudio paciente e inteligente de la prueba. Contiene veinte y dos nutridas páginas escritas en maquinilla. Hemos examinado todos los errores a la luz de la jurisprudencia que cita aplicándola a los hechos del caso y si bien reconocemos la fuerza de sus contenciones, no nos sentimos justificados para sustituir nuestro juicio por el juicio del juez sentenciador. Es éste uno de esos casos en que claramente juega un papel decisivo la credibilidad que merezcan los testigos que ante el tribunal declaren, y la corte de distrito, que estaba en mejores condiciones que nosotros para ello, se decidió de modo claro, expreso, por los testigos del demandante.

Se trata de un solar en Santurce. Muy poco valían las tierras allí hace treinta o cuarenta años. Por cuerdas se vendían y no por metros. Hoy su valor es muy subido. María, Micaela, Juan y Francisca Clemente eran los dueños de la totalidad de la finca en cuestión, sin que su título estuviera inscrito en el registro de la propiedad. Sobre esto no hay disputa.

Se alega en la demanda que hacía unos catorce años Francisca Clemente vendió su participación en la finca al demandante Celedonio Álvarez por $558.60, pagados de contado; que la venta se hizo constar en un documento privado, habiendo muerto la vendedora sin llegar a otorgar la escritura pública correspondiente; que el demandante entró en posesión desde la compra y fué respetado en ella por los herederos demandados a la muerte de la vendedora, y que en 1924 se tramitó un expediente de dominio en el que se hicieron aparecer como condueños los demandados comprometiéndose éstos a otorgar luego la escritura a favor del demandante, lo que no hicieron. De ahí el pleito.

Para probar la venta, declaró el demandante. Si su declaración es cierta, ella por sí sola es bastante. Y la corte le dió entero crédito.

El demandante no pudo presentar el documento. Aseguró que lo tenía guardado en su casa, que era un ranchito de paja, y se quemó al incendiarse totalmente el rancho. La existencia del incendio de la casa se prueba además por otro testigo.

Según la declaración del demandante, Pedro Falú fué testigo del documento, pero no pudo ser llamado a declarar por haber fallecido a la fecha del juicio.

El demandante era un hombre pobre, ganaba muy poco y tenía una larga familia. No sabía leer ni escribir. Dice que tenía reunidos $315 y lo demás lo reunió entre sus hermanos. Fueron éstos los que se instalaron en el terreno y sobre él viven desde entonces.

La dificultad para reunir el dinero, la destrucción del documento y la muerte de la vendedora y del único testigo que intervino en el contrato, son en verdad desfavorables para el demandante. Su presencia, su manera de declarar, su aparente hombría de bien debieron influir mucho en el ánimo de la corte sentenciadora para darle crédito. El hecho de la posesión no interrumpida durante catorce años, debió influir también.

No fué ésa toda la prueba. Una de las condueñas, Úrsula Urguijo, hija de una de las Clemente, se mostró enterada de la venta a Álvarez, aunque por referencia, aceptó la posesión de Álvarez y su ayuda proporcional con los demás condueños para el pago de las contribuciones. También declaró favorablemente al demandante otro de los condueños, Guillermo Ramos.

Por último sucedió que llegó un momento en que los condueños no pudieron pagar las contribuciones y acudieron a un hombre que tenía más recursos materiales que ellos y más conocimientos, Cándido Fernández. Éste prometió facilitar el dinero y hacer tramitar un expediente de

dominio, siempre que se le cediera un solar de seiscientos metros. Así lo acordaron. Y Fernández finalmente no sólo recibió lo prometido sino que se convirtió en dueño de tres cuartas partes de la finca, quedando así él el único otro condueño, bien sea con el demandante, ya con los demandados. Entre otras cosas, Fernández declaró en el juicio lo que sigue:

"Yo sé que Celedonio Álvarez posee una finca en el Machuchal porque yo intervine, o mejor dicho, compré tres partes a la sucesión Clemente, y no tenían escritura y cuando se hizo la escritura se llamó a la sucesión Candelario, que compareció Álvarez también, delante del abogado de Jesús en un expediente de dominio; ellos confesaron que la mamá le había vendido a Celedonio Álvarez ese terreno, y al llamarle la atención de Jesús que si hacían el expediente a nombre de ellos que ellos tendrían que darle la escritura a Álvarez, contestaron que no tenían inconveniente siempre que pagase $20.00 que había quedado a deber."

Los apelantes hacen esfuerzos extraordinarios en su alegato para impugnar el testimonio de Fernández y logran establecer ciertas contradicciones. Eso no obstante la afirmación de Fernández de que los demandados admitieron que se había vendido la finca al demandante, quedó en pie y a ella dió entero crédito el juez sentenciador. Y aunque tengamos dudas, dadas las circunstancias concurrentes, no son ellas bastantes para alterar el juicio del tribunal *a quo*.

La prueba de los demandados consistió en el expediente de dominio de que se ha hecho mérito del cual resulta que son dueños del condominio en cuestión con su derecho inscrito en el registro de la propiedad, y en las declaraciones de Pedro Figueroa, Antonio Candelario y el dicho Cándido Fernández.

Fernández se sostuvo en lo expuesto anteriormente; Figueroa trató de demostrar que ciertos extremos de la declaración de Fernández no eran ciertos y el interés de Fernández contrario a los demandados, y el demandado Can-

delario negó las admisiones que le atribuía Fernández y declaró vagamente sobre la historia del caso.

Se insiste mucho en que el demandante debió haber llevado a la silla de los testigos al abogado que según Fernández aconsejó que el expediente de dominio se tramitara a nombre de los demandados en cuanto al condominio en cuestión para que éstos luego otorgaran la escritura de venta a favor del.demandante y que escuchó las admisiones de los demandados.   Su declaración hubiera sido en verdad de extraordinaria importancia, quizá de influencia decisiva, pero sin ella, creyendo como creyó la corte al demandante y a Fernández, el caso es menos fuerte, pero no sin base.

Por virtud de todo lo expuesto, sin detenernos a analizar uno por uno los diez errores señalados, lo que extendería considerablemente esta opinión, sin beneficio para la jurisprudencia, entendemos que *debe confirmarse la sentencia apelada.*